**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO.:

JONATHAN LUGO, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

SMARTRENT TECHNOLOGIES, INC., (f/k/a)
SMARTRENT.COM, INC,
a Foreign Limited Liability Company

    Defendant.
_____/

**FLSA COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff JONATHAN LUGO, ("Plaintiff" or "LUGO") on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against SMARTRENT TECHNOLOGIES, INC., (F/K/A) SMARTRENT.COM, INC, ("Defendant" or "SMARTRENT") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") on behalf of Plaintiff and all current and former "Field Operations Managers"(hereinafter, FOM(s)) who worked for Defendant in Florida and/or Nationwide who were not paid proper overtime for all hours worked over forty(40) in one or more workweeks.

The following allegations are based on personal knowledge as to Plaintiff's own conduct and are based on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff alleges, on behalf of himself and other current and former FOMs who will opt into this action pursuant to the FLSA, that he and other FOMs are entitled to: (i) unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA costs of this action; and (iii) reasonable attorneys' fees and costs of this action.

2. Plaintiff seeks to conditionally certify the following class of current and former employees who worked for Defendant as follows:

> **All current and former salaried paid "Field Operation Managers"("FOMs) who worked for Defendant throughout Florida and Nationwide anytime in the past three (3) years who worked forty (40) or more hours in one or more workweeks and were not paid proper overtime compensation.**

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to pursuant to 29 U.S.C. §216(b).

4. Defendant is subject to personal jurisdiction in the Middle District of Florida.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendant in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District.

6. Defendant is a covered employer within the meaning of the FLSA.

## THE PARTIES

7. At all times material hereto, Plaintiff resided in or around Orange County, Florida.

8. At all times material hereto, Plaintiff was an employee who performed services on behalf of Defendant in Orange County, Florida, throughout the United States and Canada.

9. During all relevant times, Plaintiff was employed by Defendant as an "Field Operations Manager"("FOM") from September 7, 2021 through May 17, 2023[1].

10. Plaintiff's written consent to join this action is attached hereto as Exhibit A.

11. The Defendant is a foreign-profit corporation with its corporate headquarters at 8665 E Hartford Dr Ste 200, SUITE 300, Scottsdale, AZ 85255.

12. Defendant is and was qualified to do business in the State of Florida,

---

[1] On September 9, 2020, Plaintiff was hired as a Field Installation Manager(FIM), and in September 2021, his title was changed, but job duties stayed the same.

among other states.

13. Defendant does business throughout the United States and Canada.

14. Jurisdiction is proper in this venue, as the claims are brought under the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, from now on "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

15. Defendant holds itself out to the public as follows via its website: "Our Vision-Smarter living and working, for everyone. Our Purpose- We believe everyone deserves to live and work better through smart technology. That's why we pour our love for smart tech into powering homes that are more convenient and workplaces that are more efficient. Our solutions rise above market standards and customer expectations, empowering everyone in a rental housing community—owners, site teams and residents—to live and work smarter. Our Mission- SmartRent delivers software and hardware solutions that revolutionize the way people live and work. Our innovations simplify operations, protect assets, reduce energy consumption and drive revenue—ultimately creating connected communities that site teams are proud to manage, and residents are happy to call home." *See* (https://smartrent.com/about-us/) (last visited on January 15, 2025).

16. Defendant, upon information and belief, employs approximately 500 or more employees throughout the United States.

17. Defendant operates in interstate commerce, by providing the sale and installation of smart home software/hardware to customers across the United States, including the State of Florida.

18. At all times relevant hereto, Defendant has employees and conducted business deals throughout Florida and within this judicial district and is therefore within the jurisdiction of this Court.

19. Defendant's gross annual revenue for each year in which the named Plaintiff and the putative class members worked exceeded $1,000,000.00.

20. At all relevant times, Defendant is and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203(d).

21. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

22. At all times from now on mentioned, Apex has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, Apex has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, Apex has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

25. Defendant is an employer as defined by the FLSA, in that Defendant, during all times relevant and in each year during the relevant statute of limitations, had employees regularly engaged in interstate and intrastate commerce, and likewise engaged in business transactions across state lines and with products and goods created outside Florida, and imported in for local use.

26. Smartrent's annual gross volume of sales made, or business done, has exceeded $1,000,000.00 in each of the past three years.

27. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

28. Defendant always had two (2) or more employees handling, selling, or otherwise working on goods or materials moved in or produced for commerce by providing staffing services to customers nationwide.

29. At all times, the work performed by Plaintiff was and is directly essential to the business conducted by Defendant, in that Defendant could not operate its business without employees like Plaintiff.

**FACTUAL WAGE AND HOUR ALLEGATIONS FOR ALL CLAIMS**

30. Defendant specializes in smart home solutions, which integrate with a variety of hardware, including Smart home hardware, Property management tools, CRM tools, and Compatible smart devices from manufacturers.

31. In order to assist its clients, Defendant employes thousands of individuals to perform various roles for Defendant.

32. Plaintiff and other similarity situated current and former employees, hold or held the title of Field Operations Managers ("FOMs").

33. Plaintiff and other similarly situated current and former FOMs (or similar) were all paid on a salaried basis, and performed the same or similar job duties required by Defendant without being paid proper overtime for hours worked over forty(40) per workweek.

34. Defendant's required Plaintiff and other similarity situated current and former FOMs, to follow very specific protocols, and guidelines to follow.

35. Plaintiff and other similarly situated current and former FOMs, were given assignments by Defendant's Regional Installation Managers("RIM"). These Managers were responsible for assigning work to all FOMs.

36. Plaintiff and other similarly situated current and former FOMs, did not have the ability to make any decisions.

37. Defendant's RIMs would hold weekly meetings with the FOMs to discuss, for example, any updates, new procedures, etc., and would them require the FOMs to tell the Field Installation Managers through a zoom call or through a messaging app called "Slack."

38. All Putative FLSA Collective members performed the same or similar primary job duties.

39. Plaintiff and the other similarly situate4d current and former FOMs' job duties included, but were not limited to:

    a. Installation

    b. Troubleshoot and repair

    c. Clerical and data entry duties

    d. Customer Service

    e. Travel to Defendant's storage units and pack and ship extra stock back to Defendant as directed by Defendants RIMs.

40. Plaintiff and the other similarly situated current and former FOMs primary job duties ***did not include***:

    a. Hiring

    b. Firing

    c. Setting rate(s) of pay;

    d. Scheduling; or

    e. Disciping other employees.

41. Plaintiff and the other similarly situated current and former FOMs' primary job duties were not exempt job duties.

42. Plaintiff and the other similarly situated current and former FOMs' job duties did not differ substantially from the duties of the now non-exempt Field Installation Managers of Defendant.

43. Plaintiff and the other similarly situated current and former FOMs' did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

44. Plaintiff and the other similarly situated current and former FOMs' primary duties were non-exempt client service related.

45. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendant classified all FOMs as exempt from coverage of the overtime provisions of the FLSA.

46. Plaintiff and the other similarly situated current and former FOMs' were working twelve (12) or more hours per day, five (5) to seven (7) days a week.

47. Regardless of how many actual hours worked, Plaintiff and the other similarly situated current and former FOMs' were not allowed to record all the actual time worked.

48. The FLSA subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records. 29 C.F.R. § 516.1.

49. An employer is mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee

each workday and the total hours worked by each employee each workweek. *See id.* § 516.2.

50. Upon information and belief, Defendant failed to establish, maintain and preserve accurate timesheet and payroll records as required by the FLSA.

51. When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co., 328 U.S.* 680, 687-88 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate an employee has carried out his burden if he proves that he has in fact performed worked for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Id.*

52. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages

lack the exactness and precision of measurement that would be possible had he kept records in accordance with the Act." *Id.*

41. Upon information and belief, Defendant's unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

42. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE ACTION ALLEGATIONS

43. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of "All current and former salaried paid "Field Operations Managers" ("FOMs")(and other employees holding comparable positions, but different titles) who worked for Defendant throughout Florida and/or Nationwide anytime in the past three (3) years who worked forty (40) or more hours in one or more workweeks and were not paid proper overtime compensation."

44. Defendant is liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the Putative FLSA Collective members.

45. There are numerous similarly situated current and former FOMs (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to

join it. Thus, notice should be sent to the Putative FLSA Collective members pursuant to 29 U.S.C. § 216(b).

46. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the call center employee described is "similarly situated" to Plaintiff. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendant's practices, policy, or plan of misclassifying their employees as exempt to avoid paying for compensable work performed in excess of forty (40) hours per workweek at an overtime premium pay; (c) their claims are based upon the same legal theories; and (d) the employment relationship between Defendant and every putative FLSA Collective member is exactly the same, and differs only by name, location, and rate of pay.

47. Plaintiff estimates that the FLSA Collective, including both current and former FOMs over the relevant period, will include several hundred to several thousand members who would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of collective class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective

class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

48. Plaintiff and the Putative FLSA Collective members, all of whom regularly worked more than 40 hours in a workweek, were employed as FOMs (or similar) by Defendant.

49. Further, Plaintiff, and those similarly situated, worked more than forty (40) hours per workweek without receiving the proper overtime pay for all their overtime hours worked.

50. Throughout the relevant period, it has been Defendant's policy, pattern, or practice to require, suffer, or permit Plaintiff and the Putative FLSA Collective members to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

51. Defendant assigned the work that Plaintiff and the Putative FLSA Collective members have performed, or Defendant was aware of the work they performed.

52. The work performed by Plaintiff and the Putative FLSA Collective members constitutes compensable work time under the FLSA and was not preliminary, preliminary or *de minimus*.

53. Defendant was aware, or should have been aware, that the FLSA requires it to pay the Plaintiff and the Putative FLSA Collective members an overtime premium for hours worked in excess of 40 hours per workweek.

54. Defendant has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the Putative FLSA Collective members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by corporate headquarters. This policy, pattern, or practice includes but is not limited to:

   a. willfully failing to record all of the time the Plaintiff and the Putative FLSA Collective members have worked for the benefit of Defendant;

   b. willfully failing to keep accurate time records as required by the FLSA;

   c. willfully failing to credit the Plaintiff and the Putative FLSA Collective members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

   d. willfully failing to pay the Plaintiff and the Putative FLSA Collective members wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

55. Plaintiff brings this lawsuit under 29 U.S.C. §216(b) as a collective action on behalf of the Defendants' non-exempt class of employees.

56. Plaintiff and the other class members were non-exempt employees.

They performed the same or similar job duties as one another in that they conducted recruiting services at the direction and on behalf of the Defendants.

57. Additionally, the Plaintiff and all other similarly situated Class Members were subjected to the same provisions: they were not paid for all hours worked in one or more workweeks.

58. The class of similarly hourly non-exempt employees employed by Defendants who may become Plaintiffs in this action are current and former employees of Defendants who are and who were subject to the payroll practices and procedures of Defendants.

59. The class of current and former similarly situated hourly paid employees employed by Defendants is readily identifiable from records maintained by Defendants and will necessarily present legal and factual issues that are nearly the same, if not identical, to those presented by Plaintiff.

60. Defendants' policy or practice applied to Plaintiff and all current and former similarly situated hourly paid employees employed by Defendants, which resulted in the non-payment of regular hours and overtime hours to Plaintiff, and which applies and continues to apply to all class members.

61. Defendants have acted willfully in failing to pay Plaintiff and all other similarly situated Class Members in accordance with the law.

62. Defendants have failed to maintain accurate records of Plaintiff and

all other similarly situated Class Members' work hours in accordance with the law.

63. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a. The time of day and day of week on which the employees' work week begins;

b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d. The hours worked each workday and total hours worked each workweek;

e. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

f. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

g. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

h. The dates, amounts, and nature of the items which make up the total

16

additions and deductions;

 i. The total wages paid each pay period; and

 j. The date of payment and the pay period covered by payment.

64. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and all other similarly situated Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act: Unpaid Overtime Wages Brought on Behalf of Plaintiff and the Putative FLSA Collective Members**

65. Plaintiff and the Putative FLSA Collective members, reallege and incorporate by reference all prior paragraphs as if they were set forth again herein.

66. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

67. Plaintiff and the Putative FLSA Collective members have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

68. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply

17

to Defendant.

69. At all relevant times, Plaintiff and the Putative FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

71. At all times relevant, Plaintiff and the Putative FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

72. Defendant has failed to pay Plaintiff and other similarly situated Putative FLSA Collective members the overtime wages to which they were entitled under the FLSA.

73. Defendant's violations of the FLSA, as described in the Collective Action Complaint, have been intentional and willful. Defendant have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the other similarly situated Putative FLSA Collective Members.

74. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as may be tolled by equity or agreement of the parties.

75. As a result, Defendant's violations of the FLSA, Plaintiff and all other similarly situated Putative FLSA Collective members have suffered damages by

being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et. seq.*

76. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated Putative FLSA Collective members have been deprived of overtime compensation and other wages damages, prejudgment interest, attorneys' fees, costs, and other compensation in amounts to be determined at trial, and are entitled to recover such amounts, liquidated U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated Putative FLSA Collective members, prays for the following relief:

A. At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, informing all similarly situated Managers of the nature of this action and of their right to join this lawsuit;

B. Certification of the collective consisting of Plaintiff and all similarly situated Managers;

C. Designation of Plaintiff as representative of the Putative FLSA Collective, and counsel of record as Class Counsel;

D. Unpaid overtime wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations and the employers share of FICA, FUTA, state unemployment insurance and any other employment taxes;

19

E.     Pre-judgment interest and post-judgment interest, as provided by law;

F.     Attorneys' fees and costs of this action;

G.     Payment of a service award to Plaintiff, in recognition of the services she has rendered, and will continue to render, to the Collective; and

H.     Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated this 16th day of January 2025.

Respectfully submitted,

***/s/ Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No.: 85476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th Street, Suite 316
Plantation, FL  33324-4241
Telephone No.: (866) 344-9243
Facsimile No.: (954) 337-2771
Email:
**noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*